UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TERRY LUKE, JR.**                                                                       **CIVIL ACTION**

**VERSUS**                                                                                **NO.04-1832**

**CHET MORRISON CONTRACTORS, INC.**                                      **SECTION "K" (2)**

## ORDER

Before the Court is plaintiff's Motion to Strike Jury (Rec. Doc. 18). For the reasons stated herein, the Court denies plaintiff's motion.

## BACKGROUND

On June 29, 2004, plaintiff filed a complaint against his employer for personal injuries sustained as a Jones Act seaman. In the complaint, jurisdiction is founded on the admiralty and maritime nature of the claim. The defendant employer is a Louisiana corporation precluding diversity jurisdiction. On July 1, 2004, prior to any answer being filed by the defendant, an amended complaint was filed by petitioner pursuant to Fed. R. Civ. Proc. 15(a), designating the claim as an admiralty and maritime claim under Rule 9(h) of the Fed. R. Civ. Proc. In July of 2004, the defendant filed an answer to the complaint and amended complaint objecting to the Rule 9(h) designation and requesting a trial by jury. The defendant refused to withdraw its jury request, which prompted the plaintiff to file the instant motion to strike.

1

**LEGAL ANALYSIS**

The instant case is a non-diversity case.  The general rule is that admiralty claims are to be tried without a jury.  Fed. R. Civ. Proc. 9(h); *Fisher v. Danos*, 671 F.2d 904, 905 (5th Cir.1982).  However, under the Jones Act, a plaintiff may elect to have a jury trial.  46 U.S.C. § 688.  This choice belongs to the seaman, not his employer, and the employer may not require a jury trial.  *Texas Menhaden Co. v. Palermo*, 329 F.2d 579 (5th Cir.1964).   In *Rachal v. Ingram Corporation*, 795 F.2d 1210 (5th Cir.1986), the Fifth Circuit upheld a district court's allowing the amendment of a Jones Act case originally designated as a jury trial to one designated under Fed. R. Civ. P. 9(h) whereby plaintiff struck his jury demand.  The Court based its decision on the fact that at the time of plaintiff's motion, defendant had no constitutional right to a jury trial.  *See also, Adams v. Falcon Drilling Co.*, 1998 WL 195981 *2; *Callais v. Susan Vizier, Inc*., 2000 WL 278097 at *1(E.D.La.)(*citing Rachal*).  Unlike the instant case, the plaintiff in *Rachal* sought to amend his complaint well after the defendants had already served their responsive pleadings.  795 F.2d at 1214.  Thus, under the law, the plaintiff had the right to amend his complaint to designate this as non-jury trial.

The Court further notes that defendant's opposition to plaintiff's motion to strike is based upon allegations of forum shopping rather than any basis in the law, and the Court regards defendant's opposition as frivolous.  If plaintiff's strategic choices are clearly appropriate under the law, it is remarkably self-righteous to impugn plaintiff's counsel.  All lawyers make strategic decisions.  Many defendants remove cases filed in state court to federal court for strategic reasons.  This is their statutory right.  Unsupported arguments are poor strategy indeed.  The plaintiff  has asked for attorneys' fees and costs.  The Court will not grant this request at this

time.  Defendant is put on notice that any future frivolous pleadings will be subject to sanctions.

For the reasons stated herein,

**IT IS ORDERED** that Plaintiff's Motion To Strike Jury (Rec. Doc. 18) is **GRANTED**.

New Orleans, Louisiana, this   21st   day of July, 2005.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**